UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS ADAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1061 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion for evidentiary hearing. The motion will be denied, without prejudice.

Pursuant to 28 U.S.C. § 2255, a movant may seek relief on grounds that his sentence was imposed in violation of the Constitution or law of the United States, that the Court lacked jurisdiction to impose such sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *See Davis v. United States*, 417 U.S. 333 (1974); *Hill v. United States*, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Sanders v. United States,* 341 F.3d 720, 722 (8th Cir.2003) (quoting *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir.1995)).

1

In his motion to vacate, movant seeks relief on five grounds. He first argues that his base offense level is unconstitutional in light of the recent Supreme Court case of *Johnson v. United States*, 132 S.Ct. 2551 (2015). Specifically, movant asserts that "resisting arrest by flight is not a violent felony" and should not have been used to enhance his sentence."

Next movant argues that his "appellate counsel" was ineffective for failing to argue that a six-level enhancement under United States Sentencing Guideline 3A1.2(c) was improper based on his alleged brandishing of a loaded firearm at law enforcement during the course of resisting arrest/fleeing. In ground three, movant asserts that his trial counsel was ineffective for failing to object to the government's preemptory strike of the African American jurors in the jury pool. Movant believes this was a *Batson* violation.

In ground four, movant claims that his trial and appellate counsel were ineffective for failing to object to the Court's balancing test in deciding to admit evidence of movant's prior drug convictions at trial and at sentencing. And in ground five, movant claims that his trial counsel was ineffective in failing to call certain subpoenaed witnesses to testify at trial.

At this stage of the litigation, it appears that the record before the Court contains sufficient facts to make an informed decision on the merits of movant's claims. Movant's claims challenge the sufficiency of the evidence before the trial court and various matters of federal law. Because movant's claims do not require further factual development and may be adequately resolved on the record, an evidentiary hearing does not appear to be necessary at this time. For that reason, his motion for evidentiary hearing will be denied, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for evidentiary hearing [Doc. #9] is **DENIED** without prejudice.

Dated this 8th day of September, 2016.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE