UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CURTIS ADAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16 CV 1061 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

On February 4, 2014, a jury convicted Curtis Adams of being a felon in possession of a firearm. Case No. 4:13 CR 212 CDP. On May 8, 2014, I sentenced Adams to 120 months' imprisonment, followed by a three-year term of supervised release. Adams appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Adams*, 783 F.3d 1145 (8th Cir. 2015). The United States Supreme Court denied Adams' petition for writ of certiorari on May 23, 2016. Adams now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. I will deny his motion, as well as the claims raised in his supplemental motion.

Adams filed his original § 2255 motion to vacate, *pro se*, on June 27, 2016, raising the following claims:

1) That his sentence was unconstitutional in light of *Johnson v. United States*, 132 S. Ct. 2551 (2015), because "resisting arrest by flight" is not a violent

felony and thus should not have been considered in determining his base offense level;

2) That appellate counsel was ineffective for failing to argue on appeal that a 6-level enhancement under § 3A1.2(c) of the United States Sentencing Guidelines – which was based on his alleged brandishing of a loaded firearm at law enforcement during the course of resisting arrest/fleeing – was improper, because he had no knowledge that the persons involved were law enforcement officers;

3) That trial counsel was ineffective for failing to object to the government's peremptory strike(s) of African American jurors from venire panel;

4) That counsel was ineffective both at trial and on appeal for pursuing an improper argument regarding the admission of evidence under Rule 404(b), Federal Rules of Evidence; and

5) That trial counsel was ineffective for failing to call subpoenaed witnesses at trial.

On April 6, 2018, Adams moved to supplement his § 2255 motion, seeking to add the following claims for relief:

6) That, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior offenses of sale of a controlled substance and second degree assault of a law enforcement officer could not be used to enhance his sentence; and

7) That, under *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), I erred by imposing an enhanced sentence for criminal conduct that was charged but dismissed.

For the reasons that follow, I will deny the claims raised in Adams' original and supplemental motions.

**Relevant Background**

The Eighth Circuit summarized the evidence against Adams as follows:

> On May 28, 2013, six police detectives approached a group of individuals in Kinlock [sic], Missouri, after observing what appeared to be hand-to-hand drug transactions. Upon seeing the detectives, Adams clutched his waistband and fled the scene through a nearby apartment complex. Four detectives pursued. Detective Chad Hinds testified that, while in pursuit, he saw Adams brandish a semi-automatic pistol and angle his body to point it backwards at the detectives as he fled. Detective Hinds signaled to the other detectives that he saw a firearm and ordered Adams to drop the firearm. When Adams did not comply, Detective Hinds fired two rounds at Adams. According to several detectives, Adams then dropped the firearm in the grass. Detective Sean Becker stayed with the weapon while the others continued the pursuit. The detectives apprehended Adams when he tripped in a grassy area. Detective Becker and Detective William Bates transported Adams to the hospital to treat an injury Adams sustained from his fall. Both detectives testified that while in their custody, Adams made incriminating statements about possessing the firearm.

*Adams*, 783 F.3d at 1146. In February 2014, a jury convicted Adams of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On May 8, 2014, I sentenced Adams to a term of 120 months' imprisonment, which is the statutory maximum sentence that can be imposed for a § 922(g) violation.

In sentencing Adams, I adopted the Presentence Investigation Report (PSR) without change and determined Adams' total offense level to be 34 and his criminal history category to be VI. The total offense level of 34 was based on the following calculations as set out in the final PSR:

- A base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because Adams had committed the current offense after having a felony conviction for a controlled substance offense (sale of a controlled substance) and another felony conviction of a crime of violence (second degree assault of a law enforcement officer);

- An additional 4 levels under U.S.S.G. § 2K2.1(b)(6)(B) for Adams' use or possession of a firearm in connection with another felony offense; and

- An additional 6 levels under U.S.S.G. § 3A1.2(c)(1) for Adams' creation of a substantial risk of serious bodily injury to law enforcement officers by brandishing and flourishing a loaded firearm at them during the course of fleeing and resisting arrest.

The PSR recommended no other adjustments. In the absence of a statutory maximum sentence, the guideline range for a total offense level 34 and criminal history category VI would have been a term of imprisonment of 262 months to 327 months. U.S.S.G. Ch. 5 Pt. A (Nov. 2013).[1] Because of a ten-year mandatory maximum, his guidelines "range" was 120 months.

## Discussion

A. <u>No Evidentiary Hearing is Required</u>

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citations omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks

---

[1] I applied the guidelines that were in effect on the date I sentenced Adams. *See Peugh v. United States*, 569 U.S. 537-38 (2013); *United States v. McMillan*, 863 F.3d 1053, 1056 n.1 (8th Cir. 2017). All references to the guidelines in this memorandum are to those guidelines, which became effective on November 1, 2013.

- 4 -

and citation omitted). Because the records before me conclusively demonstrate that Adams has no right to relief, I will not hold an evidentiary hearing on his motion to vacate.

B.     Adams is Not Entitled to Relief Under *Johnson*

In his first ground, Adams claims that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2016), arguing that his specific offense characteristic of "felonious resisting arrest by flight" cannot be considered a violent felony and thus that using this characteristic to set his base offense level at 24 was unconstitutional. This claim has no merit.

As described above, Adams' base offense level was set under U.S.S.G. § 2K2.1(a)(2), which provides for a base offense level of 24 "if the defendant committed any part of the [] offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense[.]" In recommending this base offense level, the PSR relied on Adams' 2004 conviction of sale of a controlled substance and 2008 conviction of second degree assault of a law enforcement officer. "Felonious resisting arrest by flight" was not a consideration in determining the base offense level. Accordingly, Adams' claim that I improperly considered his "felonious resisting arrest by flight" in determining his base offense level is denied.

C.     Adams is Not Entitled to Relief Under *Mathis*

In *Mathis v. United States*, 136 S. Ct. 2243 (2016), the United States Supreme Court explained the approach a sentencing court should take when determining whether a prior conviction qualifies as an offense that can be considered as a sentencing factor. Adams argues that under *Mathis*, his second degree assault conviction does not qualify as a crime a violence under the guidelines and thus that I should not have considered it in setting his base offense level.[2]

Adams raised this *Mathis* claim in his April 2018 motion to supplement, which he filed well outside the one-year limitation for filing § 2255 claims and more than one year after the Supreme Court's *Mathis* decision. *See* 28 U.S.C. § 2255(f). However, because Adams alluded to the substance of the claim in January 2017 when he replied to the government's response to the original motion to vacate, and cited *Mathis* in so doing (ECF 19), I will consider this newly-filed claim to relate back to the original timely-filed motion to vacate. *See Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010).

It appears, however, that Adams' claim is an attempt to prosecute a Sentencing Guidelines error, which is not cognizable in a § 2255 action. *Sun Bear*

---

[2] Adams also claimed that his conviction for sale of a controlled substance should not have been considered, but he has since conceded that he is not entitled to relief on that claim. *See* ECF 31 at pp. 2-3.

*v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). Under *Sun Bear*, only unlawful or illegal sentences – sentences imposed without or in excess of statutory authority – may be challenged in a § 2255 motion. *Id.* at 705. Adams' sentence was legal because it was imposed pursuant to statutory authority and did not exceed the statutory range of punishment for the offense. *See* 18 U.S.C. § 924(a)(2). And, as explained below, if Adams were to obtain the relief he seeks on this claim, his sentence would not be affected. Therefore, no miscarriage of justice is at issue, and his claim will be denied. *See Sun Bear*, 644 F.3d at 705.

Section 2K1.1 of the guidelines provides that courts should apply a base offense level of 24 for a conviction of unlawful possession of a firearm if, among other factors, the defendant had previously "sustain[ed] at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). A "crime of violence" is any federal or state offense punishable by more than one year imprisonment that either: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Adams argues that the information before the Court was insufficient to establish that his conviction for second degree assault qualified as a crime violence under the guidelines.

Adams was convicted of the class B felony of assaulting a law enforcement officer second degree under Mo. Rev. Stat. § 565.082 (2005). At the time of the offense, a person was guilty of this class B felony if he

> (1) Knowingly causes or attempts to cause physical injury to a law enforcement officer . . . by means of a deadly weapon or dangerous instrument;
>
> . . .
>
> (3) Recklessly causes serious physical injury to a law enforcement officer . . . ; or
>
> (4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle . . . and when so operating, acts with criminal negligence to cause physical injury to a law enforcement officer[.]

Mo. Rev. Stat. § 565.082.1. Nothing before the Court indicates the subpart under which Adams was convicted.

To determine whether Adams' prior conviction under § 565.082.1 was for a crime of violence, I apply a "categorical approach, looking to the elements of the offense as defined in the . . . statute of conviction rather than to the facts underlying the defendant's prior conviction." *United States v. McMillan*, 863 F.3d 1053, 1056 (8th Cir. 2017) (internal quotation marks and citations omitted). If the statute of conviction is divisible in that it encompasses multiple crimes, some of which are crimes of violence and some of which are not, I apply a "modified categorical approach" where I look to a limited class of documents, such as the

charging document, plea colloquy, and comparable judicial records, to determine which part of the statute the defendant violated. *Id.*; *see also Mathis*, 136 S. Ct. at 2249. I then must determine whether a violation of that statutory subpart is a crime of violence. *McMillan*, 863 F.3d at 1056.

The Eighth Circuit has already determined that § 565.082 is a divisible statute because it covers multiple crimes, and subdivision 1(4) is not a crime of violence because it criminalizes negligent conduct. *United States v. Daniels*, 701 F. App'x 524, 527 (8th Cir. 2017) (citing *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)). In determining Adams' sentence, therefore, I was required to apply the modified categorical approach to his prior conviction. But I had no documents before me to examine other than the PSR prepared by the probation office. And the PSR referred only to "court records" and "investigative reports" to support its averment that Adams attempted to cause physical injury to a law enforcement officer by means of a deadly weapon, which is a crime of violence under § 565.082.1(1). While the facts included in the PSR would support such a conclusion, it is not clear where the facts came from, that is, whether from a permissible class of documents – such as the charging document, plea colloquy, jury instructions, or some comparable judicial record – or from nonconclusive records such as police reports, complaint applications, or witness testimony. *See Mathis*, 136 S. Ct. at 2249; *Shepard v. United States*, 544 U.S. 13 (2005). On this record, Adams' *Mathis*

argument has merit.

However, even if Adams' prior conviction for second degree assault should not have been considered a crime of violence because of inadequate information before the Court, this circumstance does not change Adams' conviction in the case or the sentence he received. Without this crime-of-violence conviction, Adams continued to have one prior felony conviction for sale of a controlled substance, which would have resulted in a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A): a base offense level of 20 is applied if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]" Adding the 4-level and 6-level enhancements as described above, Adams' total offense level would have been 30 instead of 34. The guideline range for a defendant with a total offense level of 30 and a criminal history category of VI is 168 to 210 months' imprisonment. U.S.S.G. Ch. 5 Pt. A. However, the maximum term of imprisonment for a violation of 18 U.S.C. § 922(g)(1) is ten years, or 120 months, which is the sentence I imposed. *See* 18 U.S.C. § 924(a)(2). Thus, even if Adams' total offense level was reduced to 30, his guideline "range" would remain 120 months and his sentence would have been the same.

Nor does reducing the total offense level to 30 from 34 affect my view that the 120-month sentence was appropriate. As I told Adams at the sentencing

hearing, not only is 120 months significantly below the guidelines range if there were no statutory maximum, but given that his current conviction was for a "serious crime," that he had "serious cases before involving firearms," and that this was his "second time through the federal system," a sentence of 120 months was appropriate and I was not going to sentence him to a term lower than that.[3] Eliminating Adams' second degree assault conviction as a crime of violence for purposes of calculating Adams' base offense level does not change the appropriateness of the 120-month sentence. Adams' *Mathis* claim is therefore denied.[4]

D.  Adams' *Nelson* Claim is Time-Barred

As with his *Mathis* claim, Adams raised his *Nelson* claim in his April 2018 motion to supplement. Although the Supreme Court decided *Nelson* within the year preceding Adams' supplement, *see* 28 U.S.C. § 2255(f)(3), it is inapplicable to Adams' case for the reasons stated by the government (*see* ECF 28 at p. 4 n.1),

---

[3] *United States v. Adams*, Case No. 4:13CR212 CDP (E.D. Mo.) (ECF 82 at pp. 7-8, sentencing transcript).

[4] Although Adams makes a passing reference to his attorney's alleged ineffectiveness in failing to raise his *Mathis* claim on direct appeal, he brings no claim of ineffective assistance of direct appeal counsel on this basis. Nevertheless, the Supreme Court decided *Mathis* one year after the Eighth Circuit rendered its decision on Adams' appeal. Further, for the reasons stated in this memorandum, Adams cannot demonstrate that he was prejudiced by counsel's conduct given that there was not a reasonable probability that the result of his appeal would have been different if counsel had indeed raised a claim based on the Supreme Court's prospective holding in *Mathis*. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

which Adams appears to acknowledge. (ECF 26 at p. 15.) Accordingly, Adams must show that the claim relates back to his original timely-filed motion to vacate. *Dodd*, 614 F.3d at 515. He has failed to do so.

In this new claim, Adams argues that I should not have considered charged but later-dismissed conduct in raising his offense level for specific offense characteristics under U.S.S.G. § 2K2.1(b)(6)(B) and for victim-related adjustment under U.S.S.G. § 3A1.2(c)(1). Although the claim raises an additional challenge to my sentencing determination, it bears no relation to any of the claims raised in Adams' original motion to vacate, nor can it reasonably be argued that the claim arises from the same core set of operative facts as his original claims. *Dodd*, 614 F.3d at 516. A new claim brought under the broad umbrella of alleged sentencing error does not relate back to an original sentencing-error claim where the new claim is based upon an entirely distinct set of facts than what was raised in the original motion. *Id.*

Because Adams' *Nelson* claim is time-barred, I will not consider it.

E.  <u>Adams Did Not Receive Ineffective Assistance of Counsel</u>

Adams brings several claims of ineffective assistance of trial and appellate counsel. The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel both at trial and on direct appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396-97

(1985). To state a claim for ineffective assistance of counsel, Adams must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Adams "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If Adams fails to satisfy one component of the *Strickland* test, I need not address the other. *Id.* at 697. Under these standards, Adams did not receive ineffective assistance of counsel.

    1. *Ground 2 – Appellate Counsel re Mens Rea*

Adams claims that direct appeal counsel was ineffective in failing to raise a claim on appeal that Adams did not know that the persons who approached the group on Lurch Avenue and who chased him were law enforcement officers. Because of this lack of knowledge, Adams argues, he was not eligible for the 6-

level enhancement to his base offense level under the guidelines. The record refutes the factual basis of Adams' claim.

Evidence adduced at trial showed that the detectives were in two unmarked police vehicles when they approached the group on Lurch Avenue. When they exited their vehicles, the detectives announced themselves as police officers and were wearing police department vests with the word "POLICE" emblazoned on both the front and back of each vest in bold white letters. Adams grabbed his waistband and fled. Three detectives pursued Adams, yelling that they were police and ordering him to stop running. They were about twenty to thirty feet behind Adams during the pursuit. After the detectives yelled several times that they were police and to stop running, Adams removed a firearm from his waistband and, while turning toward the detectives, pointed the firearm in their direction. One detective fired two rounds toward Adams, neither of which struck him. Adams dropped the firearm but kept running. He was later apprehended after he fell.

At sentencing, I gave Adams a 6-level enhancement under U.S.S.G. § 3A1.2(c)(1), which provides for such enhancement if, "in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom[.]" Adams claims that appellate counsel was ineffective in failing to raise a claim on

direct appeal that the 6-level enhancement was unwarranted given that he did not know that the persons in the van and who pursued him were law enforcement officers.  Given the overwhelming evidence that the detectives 1) were identifiable as police upon sight given their "POLICE" vests, 2) audibly announced that they were police both upon exiting their vehicles and while pursuing Adams, and 3) were only twenty to thirty feet behind Adams while yelling that they were police, it was reasonable for appellate counsel to not raise on appeal a claim that Adams did not know who it was who approached in the van and ran after him.  Because "one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed," *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006) (quoted approvingly in *Winters v. United States*, 716 F.3d 1098, 1106 (8th Cir. 2013)), counsel is not ineffective for failing to raise a non-meritorious claim on appeal. *Garrett v. United States*, 78 F.3d 1296, 1305 (8th Cir. 1996).

The claim raised in Ground 2 of Adams' motion to vacate is denied.

2.  *Ground 3 – Trial Counsel re Strikes of African American Jurors*

Adams argues that trial counsel rendered ineffective assistance by failing to object to the government's discriminatory use of peremptory challenges to strike African American jurors from the panel.  Other than this cursory statement, Adams provides no factual basis for the claim.  He does not specify which venire members were unlawfully struck nor does he cite to the portion(s) of the transcript where the

alleged unlawful conduct occurred. Conclusory allegations are not sufficient to state a ground for relief under § 2255. *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986). *See also Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegation unsupported by specifics is subject to summary dismissal).

This claim of ineffective assistance of counsel is denied.

3. *Ground 4 – Trial and Appellate Counsel re 404(b) Evidence*

Prior to trial, the government moved for permission to introduce evidence of two prior firearms-related convictions under Rule 404(b), Federal Rules of Evidence, to prove Adams' knowledge of firearms and his intent to possess a firearm. The convictions at issue were for being a felon in possession of a firearm in 2007 and for unlawful use of a weapon/carrying a concealed weapon in 2005. After extensive argument by counsel, I allowed the evidence because of Eighth Circuit precedent that required its admission, despite my articulated belief that under Rule 403's balancing test, the danger of unfair prejudice outweighed the probative value of the evidence. Adams argued on appeal that the evidence of these prior convictions should have been excluded. The Eighth Circuit affirmed my decision to admit the evidence. *United States v. Adams*, 783 F.3d 1145 (8th Cir. 2015).

Adams now claims that counsel was ineffective at trial and on direct appeal

by failing to articulate a proper argument under Rule 403 to me and to the Eighth Circuit, which led to the erroneous reliance on Eighth Circuit precedent to admit the evidence under Rule 404(b). As an initial matter, my reliance on Eighth Circuit precedent to support my ruling was not erroneous. Nevertheless, the record refutes Adams' claims of ineffective assistance of counsel.

At trial, regardless of counsel's actual argument to me regarding the admissibility of this evidence, my stated belief that the balancing test under Rule 403 showed the evidence to be more prejudicial than probative aligns with Adams' argument here. Accordingly, although trial counsel may not have pursued the Rule 403 argument as vigorously as Adams contends she should have, I nevertheless agreed with Adams' now-articulated position. Feeling bound by well-established Eighth Circuit precedent, however, I admitted the evidence. In this circumstance, whether or not counsel would have more vigorously pursued a Rule 403 argument would not have changed my ruling. Adams therefore cannot show that he was prejudiced by trial counsel's failure to pursue an argument urging me to base my ruling on Rule 403.

On appeal, counsel articulated strong, well-reasoned, and thorough arguments on the Rule 403 versus 404(b) issue. And indeed, the Eighth Circuit held that admissibility of evidence under Rule 404(b) does not preclude application of the Rule 403 balancing test. *See Adams*, 783 F.3d at 1150. Nevertheless, in the

circumstances of the case, the court held that the evidence was admissible under Rule 404(b) *and* had probative value. *Id.* at 1151. Adams' claim that counsel failed to purse a proper argument on the issue is without merit. Merely because it was unsuccessful does not render counsel's assistance deficient. *Strickland*, 455 U.S. at 689-90; *Flieger v. Delo*, 16 F.3d 878, 886 (8th Cir. 1994).

Accordingly, Adams' claims of ineffective assistance of trial and direct appeal counsel regarding the admissibility of Rule 404(b) evidence are denied.

4. *Ground 5 – Trial Counsel re Subpoenaed Witnesses at Trial*

On January 23, 2017, Adams submitted an undated letter written by Darryl Dixon wherein Dixon averred that he was present on May 28, 2013, when the detectives arrived on Lurch Avenue: "I was working on a car belonging to Curtis Adams when a van pulled up and Mr. Adams took off running. The people in the van then jumped out and identified themselves as police, but by then, Mr. Adams was already gone." (ECF 21, Dixon Letter.)[5] Dixon states in his letter that he was available to testify at trial but was never called. Adams argues that had counsel called Dixon as a witness at trial, his testimony would have shown that Adams did

---

[5] Although Adams refers to Dixon's letter as an affidavit, the truth of its contents has not been sworn before someone who is authorized to administer an oath. *See Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). However, where an unsworn declaration or statement is subscribed by the writer as true under penalty of perjury and is dated, I may treat the unsworn statement as equivalent to a sworn affidavit. 28 U.S.C. § 1746. Dixon's letter, while subscribed by him as true under penalty of perjury, is undated. Technically, it is not admissible. Nevertheless, for the reasons stated in this memorandum, my consideration of the letter does not provide Adams the relief he seeks.

not know that it was the police in the van and that, therefore, the jury would have returned a verdict in his favor.[6] Adams' argument is misplaced.

Adams was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In order to convict, the jury was required to find beyond a reasonable doubt: 1) that Adams had been convicted of a crime punishable by imprisonment for a term exceeding one year; 2) that he thereafter knowingly possessed a firearm; and 3) that the firearm was transported in interstate commerce at some time during or before Adams' possession of it. Knowledge that the persons in the van or who pursued him were law enforcement officers was not an element of the crime and had no bearing on the verdict.

Because Adams has failed to show a reasonable probability that the verdict would have been different if counsel would have called Dixon to testify, he has failed to demonstrate that he was prejudiced by counsel's conduct. Adams' claim of ineffective assistance of trial counsel therefore fails.

F.  I Will Not Issue a Certificate of Appealability

As Adams has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable

---

[6] Adams identifies no other person who counsel allegedly failed to call as a witness.

jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Curtis Adams' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that Adams' motion to supplement his § 2255 motion [26] is granted, but the additional claims raised therein are denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Adams has not made a substantial showing that he has been denied a federal constitutional right.

                                                _____
                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2019.